**JAMES A. SAVILLE, JR.**
HILL RIVKINS & HAYDEN LLP
Attorneys for Plaintiff

45 Broadway – Suite 1500
New York, New York 10006
(212) 669-0600

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X
UBE MATERIAL INDUSTRIES, LTD.    :
                                 :   Index No.: 08 CV _____ ( )
              Plaintiff,         :
                                 :
      - Against -                :
                                 :
GOLDEN SAILING SHIPPING CO. LTD. :
and DALIAN GOLDEN SAILING SHIPPING :   **VERIFIED COMPLAINT**
CO. LTD.;                        :
                                 :
              Defendants.        :
------------------------------------------------X



RECEIVED
AUG 1 5 2008
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff Ube Material Industries, Ltd. by and through its attorneys, Hill Rivkins & Hayden LLP, as and for its Verified Complaint against the above-named defendants alleges upon information and belief as follows:

1. This is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and this Court has jurisdiction pursuant to 28 U.S.C. §1333.

2. At and during all material times hereinafter mentioned, plaintiff Ube Material Industries, Ltd. was and now is a foreign corporation or other business entity with an address and place of business at Kyodo Bld., 1-9-12, Nihonbashi, Muromachi Chuo-Ku, Tokyo 103-0022 Japan and was the owner of the subject shipment.

3. At and during all material times hereinafter mentioned, defendant Golden Sailing Shipping Co. Ltd. was and now is a foreign corporation or other business entity with an address and place of business at c/o Dalian Golden Shipping Sailing Co. Ltd. Room A 2715, Mingsi International 30, Wuwu Lu, Zhongshan Qu, Dalian Liaoning, People's Republic of China and was the owner, manager, charterer and/or operator of the M/V GOLDEN SAILING and a common carrier of goods by sea for hire.

4. At and during all material times hereinafter mentioned, defendant Dalian Golden Sailing Shipping Co. was and now is a foreign corporation or other business entity with an address and place of business at Room A 2715, Mingsi International 30, Wuwu Lu, Zhongshan Qu, Dalian Liaoning, People's Republic of China and was the owner, manager, charterer and/or operator of the M/V GOLDEN SAILING and a common carrier of goods by sea for hire.

5. This action is brought to obtain jurisdiction over the defendants and to obtain security for any judgment that is eventually entered against the defendants.

6. On or about October 23, 2007, there was delivered to defendants in good order and condition and suitable in every way for the intended transportation approximately 909 metric tons of talc powder, which defendants received, accepted and agreed to transport aboard the M/V GOLDEN SAILING for certain consideration from Yingkou, China to Kisarazu Port, Japan.

7. Enroute to Kisarazui, sea water entered the hold of the vessel through an unseaworthy condition aboard the vessel. In particular, the hatch cover for the hold in question was defective, deteriorated, contained holes in the hatch cover panels, and the rubber packing of the hatch cover was broken at many places, allowing sea water to enter through the holds and gaps

8. As a result of the aforementioned defective hatch and unfit tarpaulin sheets, the cargo was delivered lost and/or damage and otherwise unusable for its intended purposes.

9. By reason of the premises, defendants were negligent and careless the handling of plaintiff's cargo, breached their duties and obligations as carriers and bailees of the cargo and were otherwise at fault.

10. Plaintiff was the shipper, consignee or owner of the subject shipment and bring this action on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the said shipment, including but not limited to cargo underwriters, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

11. Plaintiff has duly performed all duties and obligations on its part to be performed.

12. By reason of the premises, Plaintiff has sustained damages as nearly as same can now be estimated, no part of which has been paid, although duly demanded, in the total amount of $243,980.60.

13. After due investigation, defendants Golden Sailing Shipping Co. Ltd. and Dalian Golden Sailing Shipping Company cannot be "found" in this District for purposes of and as delineated in Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. Plaintiff is informed that defendants have, or will shortly have, assets within this District, including but not limited to, cash, funds, escrow funds, credits, wire transfer, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and sub-charter hire, at or being transferred and/or wired to, from or through JPMorgan Chase Bank, Citibank N.A.; American Express Bank, Ltd; Bank of America, Bank of New York, Deutsche Bank; HSB; BNP Paribas; Wachovia Bank; ABN Amro; Standard Charted Bank; Bank of Communications; The Bank of East Asia; Bank of China; Shanghai Commercial Bank Ltd.; Bank of India and/or any other garnishee as further investigation may uncover.

**W H E R E F O R E**, plaintiff prays:

1. That process in due form of law according to the practice of this Court may issue against defendants GOLDEN SAILING SHIPPING CO. LTD. AND DALIAN GOLDEN SAILING SHIPPING COMPANY citing them to appear and answer the foregoing, failing which, a default will be taken against it for the principal amount of the claim, plus interest, costs and attorneys' fees;

2. That if defendants GOLDEN SAILING SHIPPING CO. LTD and DALIAN GOLDEN SAILING SHIPPING CO. LTD cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, that all assets of defendant

Golden Sailing Shipping Co. Ltd. up to and including **$243,980.60** be restrained and attached, including but not limited to cash, funds, escrow funds, credits, wire transfer, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire, sub-charter hire, at or being transferred and/or wired to, from or through JPMorgan Chase Bank; Citibank N.A.; American Express Bank, Ltd; Bank of America; Bank of New York; Deutsche Bank; HSBC; BNP Paribas; Wachovia Bank; ABN Amro; Standard Chartered Bank; Bank of Communications; The Bank of East Asia; Bank of China; Shanghai Commercial Bank Ltd., Bank of India and/or other garnishees upon who a Writ of Maritime Attachment and Garnishment may be served; and

3. For such other and further relief as this Court may deem just and proper.

Dated: New York, New York
August 15, 2008

                    HILL RIVKINS & HAYDEN LLP
                    Attorneys for Plaintiff

By: _____
James A. Saville, Jr.
45 Broadway, Suite 1500
New York, New York 10006
(212) 669-0600

29931/VERIFIED COMPLAINT

## VERIFICATION

I, James A. Saville, Jr., hereby affirm as follows:

1. I am a member of the firm Hill Rivkins & Hayden LLP, attorneys for plaintiff UBE MATERIAL INDUSTRIES, LTD. I have prepared and read the foregoing Verified Complaint and know the contents thereof and, the same is true to the best of my knowledge, information and belief.

2. The sources of my knowledge, information and belief are documents provided by our clients and our discussions with them.

3. As plaintiff is a foreign corporation residing outside the Southern District of New York, this verification is made by me as counsel of record.

I hereby affirm that the foregoing statements are true and correct.

Dated: New York, New York
       August 15, 2008

_____
James A. Saville, Jr.